UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAVEZ SULTHAN YOUNG,

    Petitioner,                          Case No. 2:21-CV-12770

v.                               UNITED STATES DISTRICT COURT JUDGE
                                   GERSHWIN A. DRAIN

CONNIE HORTON,

    Respondent.
_____/

## OPINION AND ORDER (1) GRANTING THE MOTION TO HOLD IN ABEYANCE THE PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 3), (2) ADMINISTRATIVELY CLOSING THE CASE, AND (3) DENYING WITHOUT PREJUDICE THE MOTION FOR THE APPOINTMENT OF COUNSEL (ECF No. 4)

Chavez Sulthan Young, ("Petitioner"), confined at the Chippewa Correctional Facility in Kincheloe, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for armed robbery, felon in possession of a firearm, and felony-firearm. Petitioner has also filed a motion to hold the petition in abeyance to permit him to file a post-conviction motion in the state courts to exhaust several claims that are contained in his petition which have yet to be properly exhausted with the state courts, as well as to exhaust new claims which are not contained in the current petition. For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the

1

state courts to exhaust his claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted by a jury in the Saginaw County Circuit Court.

Petitioner's conviction was affirmed on appeal. *People v. Young*, No. 320422, 2015 WL 1739724 (Mich. Ct. App. Apr. 16, 2015); *lv. den.* 498 Mich. 920, 871 N.W.2d 175 (2015).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Young*, No. 13-039100-FC-3 (Saginaw County Circuit Court, Mar. 29, 2018)(ECF No. 1, PageID.86). The Michigan appellate courts denied petitioner leave to appeal. *People v. Young,* No, 351032 (Mich. Ct. App. Mar. 3, 2020); *lv. den.* 506 Mich. 962, 950 N.W.2d 725 (2020).

Petitioner seeks a writ of habeas corpus on seven grounds that he raised or attempted to raise in the state courts. Petitioner filed a motion to hold the petition in abeyance so that he can return to the state courts and properly exhaust three of these claims. Petitioner also seeks to go back to the state courts to exhaust additional claims which are not included in the current petition.

## II. Discussion

**A. The Motion for a Stay is GRANTED.**

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999).  Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009).  Therefore, each claim must be reviewed by a federal court for exhaustion before any claim may be reviewed on the merits by a district court. *Id.*  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford,* 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)).

Petitioner indicates in his petition and in his motion for a stay that his fifth, sixth, and seventh claims were not exhausted with the state courts because the Michigan Supreme Court refused to address these claims when he failed to raise them in his motion for relief from judgment in the circuit court.  It actually appears

3

that it was the Michigan Court of Appeals that made this initial determination. *People v. Young,* No, 351032 (Mich. Ct. App. Mar. 3, 2020)(ECF No. 1, PageID.75).

In order to properly exhaust a claim for habeas review, a habeas petitioner is required to present his claim in his post-conviction motion before the state trial court and in his post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009).

A number of cases have suggested that a habeas petitioner's failure to present an issue before a state trial court in a motion for post-conviction relief precludes a finding that the issue has been exhausted for purposes of habeas review, even if that issue is later presented on appeal to the state's appellate courts from the denial of the post-conviction motion. *See Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985)(Idaho prisoner did not exhaust his state remedies by presenting his claim to the Idaho Supreme Court in an original habeas proceeding, where prisoner had a post-conviction remedy under the Uniform Post-Conviction Procedure Act which he should have pursued in the court in which he was convicted and sentenced); *Drake v. Wyrick,* 640 F.2d 912, 916 (8th Cir. 1981)(petitioner failed to exhaust claim, where he did not assert claim in his post-conviction motion, raising it for the first time on the appeal of the denial of his post-conviction motion); *Lesure v. Atchison,* 891 F. Supp. 2d 920, 925-26 (N.D. Ill. 2012)(petitioner's claim was procedurally defaulted, where petitioner failed to present claim in his post-conviction petition

before the state trial court); *Middlebrook v. Carroll,* 470 F. Supp. 2d 411, 420 (D. Del. 2007)(habeas petitioner procedurally defaulted his claim where petitioner presented claim to state appellate court on post-conviction appeal without first presenting it to state trial court in his motion for post-conviction relief); *Geraci v. Senkowski*, 23 F. Supp. 2d 246, 265-266 (E.D.N.Y. 1998)(claim unexhausted where petitioner did not present claim in either of his two post-conviction motions, even though claim raised on appeal to the New York Court of Appeals); *McLee v. Angelone*, 967 F. Supp. 152, 154-155 (E.D. Va. 1997)(prisoner failed to exhaust claim that the Virginia Department of Corrections arbitrarily denied his parole eligibility, where although he raised the claim in his reply briefs to his state habeas petition, the claim was not included in his original or amended state habeas petition, and was not addressed by the Department of Corrections or the Virginia Supreme Court); *Sanabria v. Morton*, 934 F. Supp. 138, 140-141 (D.N.J. 1996)(insufficiency of evidence claim not exhausted when claim raised for the first time in a supplemental postconviction relief petition for certification to the state Supreme Court).

Numerous judges in this district have held that a habeas petitioner's claims were not properly exhausted when they were not presented in the petitioner's post-conviction motion for relief from judgment before the trial court and were raised only for the first time in the application for leave to appeal to the Michigan Court of

Appeals. *See Ceasar v. Warren,* No. 06–CV–15294, 2009 WL 1543327, *4 (E.D. Mich. June 2, 2009); *West v. Jones*, No. 06–CV–12057, 2008 WL 1902063, *11–12 (E.D. Mich. April 29, 2008); *Dorch v. Smith*, No. 01–CV–71206–DT, 2002 WL 32598987, *19 (E.D. Mich. Sept.11, 2002); *aff'd* 105 F. App'x 650 (6th Cir. 2004); *Kincade v. Stegall,* No. 99–CV–76350–DT; 2001 WL 279751, *5 (E.D. Mich. January 23, 2001). If petitioner's fifth, sixth, and seventh claims were not raised in his initial motion for relief from judgment with the trial court, they are unexhausted. Although petitioner did raise similar claims in his motion for relief from judgment, a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012). Petitioner's fifth, sixth, and seventh claims do not appear to be properly exhausted.

Petitioner also asks this Court to hold the petition in abeyance so that he could return to the state courts to raise new grounds based on "evidence [which] now exists bearing upon his actual innocence[.]" (ECF No. 3, PageID.138), as well as a

6

challenge to the trial court's jurisdiction over his case. (*Id.,* PageID.139). These claims have yet to be presented to the state courts.

The Court grants petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust these additional claims. The outright dismissal of the petition, albeit without prejudice, might bar consideration of petitioner's claims in this Court if the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA) were to expire. *See* 28 U.S.C. § 2244(d)(1). A common rationale for holding a habeas petition in abeyance occurs when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Saginaw County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Court recognizes that under M.C.R. 6.502(G)(1), a criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to

7

a criminal conviction. *See Banks v. Jackson,* 149 F. App'x 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(citing to *People v.* states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x at 418; *Hudson,* 68 F. Supp. 2d at 800-01. In addition, although not specifically mentioned in M.C.R. 6.502(G)(2), jurisdictional defects can be pursued in a successive motion for relief from judgment because such defects can be raised at any time. *People v. Washington*, No. 160707, 2021 WL 3201310, at *11 (Mich. July 29, 2021), *reh'g denied*, 964 N.W.2d 36 (Mich. 2021).

Petitioner appears to allege that the new claims that he wishes to exhaust in the state courts are based on newly discovered evidence as well as his claim that the trial court lacked jurisdiction over his case.

This Court "should exercise caution in finding that" 6.502(G) would bar petitioner from presenting these claims to the Michigan courts. *Banks,* 419 F. App'x at 418. "Because it is at least debatable whether the Michigan courts would entertain [these claims] on a second or successive motion for state postconviction relief," *Id.,* based on one of the exceptions contained in M.C.R. 6.502(G)(2), particularly the newly discovered evidence or jurisdictional defect exceptions to M.C.R. 6.502(G), it is not clear that petitioner would be procedurally barred from filing a successive

8

motion; thus, the Court will grant petitioner a stay of proceedings to permit him to attempt to exhaust the claims contained in a successive motion for relief from judgment with the state courts. *Id.* at 419-20; s*ee also Cunningham v. Hudson*, 756 F.3d 477, 485-87 (6th Cir. 2014).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. See *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within sixty days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### B. The motion for the appointment of counsel is denied.

The Court will deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). In light of the fact that petitioner has failed to exhaust

his state court remedies, he is not entitled to the appointment of counsel to assist him with his habeas petition. *See e.g. Dupree v. Jones,* 281 F. App'x 559, 561 (7th Cir. 2008). Moreover, a trial court in Michigan is authorized to appoint counsel for the petitioner in order to assist him with his post-conviction proceedings. *See* M.C.R. 6.505; *see also Nasr v. Stegall,* 978 F. Supp. at 717. Petitioner should therefore direct his request for the appointment of post-conviction counsel to the Saginaw County Circuit Court.

### III. ORDER

It is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order**. If petitioner fails to file a motion for relief from judgment with the state courts by that date**,** the Court will dismiss his petition without prejudice.

If petitioner files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court. The case will then be held in abeyance pending petitioner's exhaustion of the claims. Petitioner shall file a motion to lift the stay using the same caption and case number within **sixty (60) days after the conclusion of the state court post-conviction proceedings**. Petitioner is free at that time to file an amended habeas petition containing the new claims that he raised before the state courts.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

IT is further **ORDERED** that the motion for the appointment of counsel is **DENIED**.

s/Gershwin A. Drain  
**GERSHWIN A. DRAIN**  
United States District Court Judge

Dated: March 29, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 28, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager

11